No. 492

PENNA. RD. CO. v. DONOVAN

No. 18701. Ohio Supreme Court

On motion to direct Green Appeals to certify record. Docketed July 14, 1924. 2 Abs. 452.

**1113. STREETS—Right to use depot driveway for taxicab stand.**

In the case of Penna Rd. Co. v. Cunningham, No. 18702, pending in same court, the facts are the same as the one above, both are submitted together.

The Penna. Rd. Co. and its predecessors have maintained a passenger depot at Xenia for many years. It is located several feet from the street with a platform extending from the depot to it. It is located at the junction between the Dayton and Cincinnati branches of the railroad, and also the Dayton and Springfield branches. The controversy arises in regard to the use of a driveway.

In 1898, the city passed two ordinances, one prohibiting the solicitation of business by hack drivers on railroad station platform in and about passenger depot; the other attempted to create a hack or cab stand in the driveway north of the Dayton track, and in the private driveway.

In 1823, the company entered into a contract with a taxicab operator whereby he agreed to furnish adequate transfer and taxi equipment to take care of the depot passenger business in Xenia and abide by the rules and conditions of the company. By the contract, he is given exclusive right to operate the business from this depot. The driveway is upon land owned by the company, and it has never been dedicated, nor appropriated by the city, for public use, and it is maintained by the company solely for the convenience of its passengers in going to and from the depot. The company seeks in this action to have Donovan, another taxicab operator, enjoined from standing with taxicabs in the driveway for the purpose of securing or soliciting taxi business.

Both the Green Common Pleas and Appeals held that the company was not entitled to an injunction, upon the theory that acquiescence of the company and its predecessors in title, to the use of the driveway as a public hack stand, has created in the defendant a prescriptive right to conduct his business at this point. The city of Xenia is not a party in this action.

Attorneys—Matthews & Matthews, Dayton, for Railroad Co.; Marcus Shoup, Xexnia, for Donovan.

---

No. 493

BAER v. STATE OF OHIO

No. 18483. Supreme Court of Ohio

**CHATTEL MORTGAGE—Title to mortgaged property in question.**

Docketed March 31, 1924. 2 Abs. 244. Motion to certify sustained July 1, 1924, 2 Abs. 453, and case will be heard in the Supreme Court; same holding in seven other cases involving same contention. See page——, this Abstract, for Appeals Case.

This case came before the Supreme Court upon a motion to certify the record. An action was commenced in the Cuyahoga Common Pleas by the Prosecuting Attorney to recover certain payments of salary from Judge Baer. These payments had been made on account of increase in salary provided by the Amendment to 2251 and 2252 GC., which was passed Feb. 24, 1920, and became effective May 25, 1920. After Baer had drawn this increase for some time this action was commenced.

The Common Pleas held that Baer was entitled to the increase because Art. IV, Sec. 14, Ohio Constitution, did not make the Act of Feb. 24, 7920, inapplicable to judges whose terms began before it became effective. The Appeals reversed the judgment, holding that applied only to newly elected judges. It was to reverse this judgment that this motion was filed in the Supreme Court. The sole question presented to the Supreme Court was whether the section of the Constitution made the Act. of Feb. 24, 1920, inapplicable to judges holding office and serving as such when the act went into effect.

Attorneys—W. H. Boyd and T. H. Hogsett, for Baer; E. S. Stanton, Pros. Atty., for State; all of Cleveland.